Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of himself
and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO, *on behalf of himself and those similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Luis A. Rodriguez-Ocasio, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, Midland Credit Management, Inc., (and John Does 1 to 10) states:

### I.  NATURE OF THE ACTION

1. This action stems from Defendant's conduct and failure to comply with the Fair Debt Collection Practices Act[1] ("FDCPA"), when attempting to collect consumer debts from consumers.

### II.  JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

---

[1] 15 U.S.C. § 1692 *et seq.*

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

### III. PARTIES

4. Plaintiff Luis A. Rodriguez-Ocasio ("Plaintiff" or "Rodriguez-Ocasio") is a natural person residing in Passaic County, New Jersey.

5. Defendant, Midland Credit Management, Inc. ("Defendant" or "MCM"), is a Kansas corporation with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. MCM is engaged in the purchase and collection of defaulted consumer debts.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV. FACTS

7. Defendant is not in the business of extending credit, selling goods or services to consumers.

8. Defendant regularly collects or attempts to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

9. The principal purpose of Defendant is the collection of debts.

10. When attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce

11. Defendant has asserted that Plaintiff incurred or owed certain financial obligations arising from certain accounts which arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes ("Debts" or "Accounts").

12. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

13. Defendant contends that the Accounts were past-due and in default.

14. The Accounts were past-due and in default when it was placed with or assigned to Defendant for collection.

15. In attempts to collect the Debts, Defendant mailed collection letters to Plaintiff on or about May 27, 2016 ("MCM Letters").  A true but redacted copy of the MCM Letters is attached as ***Exhibit A***.

16. The MCM Letters were mailed in attempts to collect the Debts.

17. The MCM Letters were the initial written communication from Defendant to Rodriguez-Ocasio concerning the Debts.

18. The MCM Letters failed to include "a statement that, upon the consumer's written request within [thirty days after the receipt of this notice], the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."[2]

### V. POLICIES AND PRACTICES COMPLAINED OF

19. It is Defendant's policy and practice to send initial written collection communications in the form attached as Exhibit A, which fail to give notice that the recipient can make a written request within thirty days after the receipt of the notice, the name and

---

[2] 15 U.S.C. § 1692g(a)(5).

address of the original creditor, if different from the current creditor, as mandated by 15 U.S.C. § 1692g(a)(5).

20. Such policy and practice is in violation of the FDCPA.

### VI. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

22. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict, or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with an address within in the State of New Jersey, to whom, from May 20, 2016 through the final resolution of this case, Defendant sent one or more letter(s) in an attempt to collect a consumer debt, which failed to include the statement required by 15 U.S.C. § 1692g(a) and/or 15 U.S.C. § 1692g(a)(5).

23. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

24. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

25. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

> A. Whether Defendant is a debt collector under the FDCPA;
>
> B. Whether Defendant violated 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692g(a)(5); and
>
> C. Whether Plaintiff and the Class are entitled to statutory damages.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA

statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

27. Plaintiff's claims are typical of the claims of the members of the Class.

28. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

29. Plaintiff does not have interests antagonistic to those of the Class.

30. The Class, of which Plaintiff is a member, is readily identifiable.

31. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

32. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

33. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII.   VIOLATIONS OF THE FDCPA

34. Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

36. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

37. The Debts are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

38. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

39. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

40. The MCM Letters, a copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

41. The MCM Letters are "initial communications" as defined by 15 U.S.C. § 1692g(a).

42. Defendant's use of the written communication in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA by failing to state, as required by 15 U.S.C. § 1692g(a)(5), that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

43. Based on the violation, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Luis A. Rodriguez-Ocasio, on behalf of himself and others similarly situated, demands judgment against Defendant Midland Credit Management, Inc., as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as the representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## IX.  JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X.  CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding:

KIM LAW FIRM LLC

*s/ Yongmoon Kim*

Dated: May 20, 2017

Yongmoon Kim
*Attorneys for Plaintiff on behalf of himself and those similarly situated*